

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

NOS. WR-12,658-22 & -23 & -24 & -25

**EX PARTE GARY WAYNE BARNES, SR., Applicant**

## ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
CAUSE NOS. W81-01027-J(J) & W81-01105-J(K) & W81-02518-J(K) & W80-16530-J(K)
IN THE CRIMINAL DISTRICT COURT NO. 3 FROM DALLAS COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three aggravated rape offenses and burglary of a habitation and sentenced to imprisonment for life in each cause. The Fifth Court of Appeals affirmed his convictions. *Barnes v. State*, Nos. 05-81-00639-CR thru 05-81- 00642-CR (Tex. App.—Dallas Aug. 31, 1982, no pet.) (not designated for publication).

In these subsequent applications, Applicant alleges, among other things, that he has newly discovered evidence of actual innocence. The State responds to Applicant's allegations, in pertinent part:

The State believes that further factual investigation is necessary to determine the merit, if any, to applicant's claim that newly discovered evidence establishes that he is actually innocent. This case has been forwarded to the Conviction Integrity Unit of the Dallas County District Attorney's Office for review and investigation. The State requests that this Court issue an order designating the issue of actual innocence as the issue to be resolved in this proceeding. The State intends to file supplemental briefing once CIU has had the opportunity to investigate applicant's claims. Pending production of evidence substantiating applicant's claim, the State denies applicant's allegations.

The trial court did not issue an order designating issues. Therefore, we remand these applications to the Criminal District Court No. 3 of Dallas County to allow the trial judge to complete an evidentiary investigation and enter findings of fact and conclusions of law.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: April 18, 2018

Do not publish.